**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                       Case No.  8:09-cr-188-T-30AEP

**CARLOS MELGAR,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's objection to the sixteen level enhancement in the Presentence Report pursuant to USSG § 2L1.2(b)(1)(A). The Court, having considered the briefs of the parties, and being otherwise advised in the premises, concludes that the Defendant's objection to the enhancement should be sustained.

### Background

Defendant pled guilty without the benefit of a written plea agreement on March 4, 2010, to Illegal Re-entry After Deportation for an Aggravated Felony, 8 U.S.C. § 1326(a) & (b)(2). Defendant was previously convicted for the offense of "Indecency With a Child" in violation of Texas Penal Code §21.11. The guideline for offenses charged under 8 U.S.C. § 1326(a), found at USSG § 2L1.2, directs that if a defendant previously was deported or unlawfully remained in the United States, after a conviction for a crime of violence, the base

offense level is increased sixteen levels. USSG § 2L1.2, Comment 1(B)(iii) defines a crime of violence to include the "sexual abuse of a minor." At issue here is whether Defendant's conviction under the Texas statute is considered "sexual abuse of a minor" under the federal guidelines.

## Discussion

For a violation of Texas Penal Code §21.11, "Indecency With a Child," to constitute the aggravated felony "sexual abuse of a minor" under 8 USSG §2L1.2(b)(1)(A), the elements of the Texas statute must substantially correspond with the elements of the federal offense, the offense contemplated in the guidelines. The Supreme Court, in *Taylor v. United States*, 495 U.S. 575, 602 (1990), established an approach to determine whether a state offense substantially corresponds to the federal crime identified in the guidelines.

In making this determination, the court may only look to the "fact of conviction and the statutory definition of the prior offense" and not the underlying facts of the particular offense. *Id.*; *see also United States v. Harris*, No. 07-15811, slip op. 2633, 2643 (11th Cir. June 16, 2010) (saying "we have been instructed to take a categorical approach, so that '[i]n determining whether this crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'") (citing *Begay v. United States*, 553 U.S. 137, 141)(2008))). In the instant case, Defendant touched his stepdaughter's breast and had her touch his penis when she was ages eleven to fourteen and he was forty-eight. Although his conduct is certainly "sexual abuse of a minor," under the

categorical approach, set out in *Taylor*, the Court is limited to considering the elements of the Texas statute as compared to the elements of the federal crime "sexual abuse of a minor."

The Eleventh Circuit in *United States v. Padilla-Reyes*, 247 F.3d 1158 (11th Cir. 2001), determined a generic federal definition of "sexual abuse of a minor" according to the plain meaning of the words. The court noted that the ordinary and everyday meaning of the terms, derived from *Webster's Third New International Dictionary* and *Black's Law Dictionary*, reveals "abuse" is not limited to only physically injurious acts. Furthermore, the modifier "sexual" refers to the perpetrator's intent and does not limit the phrase to sexual contact. Therefore, "'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Padilla-Reyes*, 247 F.3d 1158, 1163.

The Eleventh Circuit found the lack of an explicit statutory cross-reference revealed Congress' intent to rely on the plain meaning of the terms and cited Ninth and Fifth Circuit case law as supporting authority. (*See id.*) (citing *Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999); *United States v. Zavala-Sustaita*, 214 F.3d at 606 (5th Cir. 2000)). However, the Ninth Circuit has since expanded this approach in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc), to recognize both the statutory definition of the federal statute on sexual abuse of a minor and the plain meaning of the words "sexual abuse of a minor."

The Ninth Circuit found Congress' definition at 18 U.S.C. §2243 did not limit the construction of a generic federal definition of "sexual abuse of a minor" to its plain meaning.

The court in *Estrada-Espinoza* rejected the argument that a cross reference is a necessary predicate to using this definition, because those crimes "that refer to a broad category of offenses, using a potentially ambiguous phrase, reference other statutory provisions for clarification. On the other hand, those that refer to a specific crime which is already clearly defined in criminal law have no need for a cross reference." *Id.* at 1155.

Several circuits, including the Eleventh and the Ninth, have held that, like "murder" and "rape," "sexual abuse of a minor" is not ambiguous. (*See Padilla-Reyes*, 247 F.3d 1158, 1163 (saying "[T]he phrase as a whole, considered as the sum of its constituent parts, is not ambiguous.")). Further, the Ninth Circuit has held the lack of an explicit cross reference does not contravene Congress' intent for "sexual abuse of a minor" to carry its standard criminal definition at 18 U.S.C. §2243. This definition requires four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Estrada-Espinoza*, 546 F.3d 1147, 1152.

The Ninth Circuit also compared the federal definition at 18 U.S.C. §2243 to the plain meaning of "sexual abuse of a minor." The court determined that a survey of current criminal law reveals that it comports with "the ordinary, contemporary, and common meaning of the words" as well. *Estrada-Espinoza*, 546 F.3d 1147, 1152. Under the plain meaning approach, a definition for "sexual abuse of a minor" must necessarily contain an element of abuse. The Ninth Circuit stated the elements of the plain meaning approach to be: "(1) the conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor,

and (3) the statute requires abuse." *Pelayo-Garcia v. Holder,* 589 F.3d 1010, 1014 (9th Cir. 2009) (*See Baron-Medina*, 187 F.3d 1144,1147; *Medina-Villa,* 567 F.3d at 513).

Although the Ninth Circuit previously used the meaning of "abuse" cited in *Padilla-Reyes*, it emphasized the age of the minor necessary for a conviction under the statute to determine whether it required "abuse." *See Estrada-Espinoza*, 546 F.3d 1147, 1153. The court's additional review of relevant statutes revealed "that, under national contemporary standards, although sexual activity with a younger child is certainly abusive, sexual activity with an older adolescent is not necessarily abusive." *Id.*

In analyzing whether a conviction under the Texas statute qualifies as "sexual abuse of a minor, this Court considered both approaches. That is, a prior conviction may qualify as the federal generic offense of "sexual abuse of a minor" if the conduct proscribed by the state statute is not broader than (1) the elements set out at 18 U.S.C. §2243 or (2) the ordinary, contemporary, and common meaning of the words (the approach of the Eleventh Circuit in *Padilla-Reyes*, 247 F.3d 1158).

Defendant's prior conviction was under Texas Penal Code §21.11, which states in relevant part:

> Indecency with a child
> (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
> > (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
> > (2) with intent to arouse or gratify the sexual desire of any person:

>(A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
>(B) causes the child to expose the child's anus or any part of the child's genitals.

Congress has enumerated the elements of the offense "sexual abuse of a minor" at 18 U.S.C. §2243. That section provides in relevant part:

> Sexual abuse of a minor or ward
> (a) Of a minor.-Whoever ... knowingly engages in a sexual act with another person who-
>> (1) has attained the age of 12 years but has not attained the age of 16 years; and
>> (2) is at least four years younger than the person so engaging;
>> or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

A comparison of the two statutes reveals that the prior conviction under Texas Penal Code §21.11, "Indecency With a Child," does not substantially correspond to the elements of the offense for "Sexual Abuse of a Minor or Ward" under §2243. The language "sexual contact" in the Texas statute, is broader than the requirement of a "sexual act" under Congress' definition for sexual abuse of a minor. "Sexual contact" would include a "sexual act" as well as other activity not contemplated by Congress' definition. And, Texas Penal Code §21.11 prohibits "sexual contact" with a child younger than seventeen, but §2243 only prohibits a "sexual act" with an individual that is not yet sixteen. That is, one committing a sexual act with a minor sixteen years of age would violate the Texas statute, but not the federal statute. Therefore, the Texas statute does not substantially correspond with the federal generic offense of "sexual abuse of a minor" as defined by §2243.

The Court now turns to whether the Texas statute comports with the ordinary, contemporary, and common meaning of the words "sexual abuse of a minor." This definition requires: "(1) the conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse." *Pelayo-Garcia v. Holder,* 589 F.3d 1010, 1014 (9th Cir. 2009) (*See Baron-Medina*, 187 F.3d 1144,1147; *Medina-Villa,* 567 F.3d at 513). The Texas statute does not satisfy all the elements, because it prohibits conduct without requiring "abuse." As the Ninth Circuit pointed out, a "criminal statute includes the element of 'abuse' if it expressly prohibits conduct that causes 'physical or psychological harm in light of the age of the victim in question.'" *Id.*(internal citation omitted).

The Texas statute prohibits sexual conduct that is not necessarily "abuse." (*see generally United States v. Harris*, No. 07-15811, slip op. 2633, 2643 (finding that because Fla. Stat. §800.04(3)(1996) "viewed categorically, imposes strict liability and covers such a broad range of conduct, we cannot say that a violation of it typically involves purposeful, violent, and aggressive conduct," and, therefore, "generally–without further specifics–is not a crime of violence under the ACCA's residual clause."(internal citation omitted)).

For example, a sixteen year old boy touching his sixteen year old girlfriend's breast would violate Texas Penal Code §21.11 but would not be "abuse." Although this appears contrary to the Fifth Circuit's holding in *United States v. Zavala-Sustaita*, 214 F.3d 601, it seems to be in line with the Ninth Circuit's attempt to determine what Congress meant by "abuse." *See Estrada-Espinoza*, 546 F.3d 1147, 1154 (acknowledging "a significant difference between sexual relations with someone under sixteen and sexual relations with

someone between the ages of sixteen and eighteen") (internal citation omitted). Furthermore, the common sense understanding of "abuse," to the extent it would qualify as a crime of violence, would not include two sixteen year olds in the back seat of a car.

Since the Texas statute does not substantially correspond with "sexual abuse of a minor" as contemplated in the guidelines, it does not qualify as a crime of violence and the enhancement does not apply.

It is therefore ORDERED AND ADJUDGED that Defendant's objection is **GRANTED** as to the 16 level enhancement.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cr-188.enhance PSI.wpd